United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIGUEL PRADO,<br><br>    Plaintiff,<br><br>    v.<br><br>DART CONTAINER CORPORATION OF CALIFORNIA,<br><br>    Defendant. | Case No. 18-CV-07286-LHK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES; DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL**<br><br>Re: Dkt. Nos. 14, 16 |

On November 30, 2018, Defendant Dart Container Corporation of California ("Dart") removed this action from California Superior Court for the County of Santa Clara. Before the Court is Plaintiff Miguel Prado's ("Plaintiff") motion to remand and for attorneys' fees. Dart has also filed a motion for leave to file an amended notice of removal. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand, DENIES Plaintiff's request for attorney's fees, and DENIES Dart's motion for leave to file an amended notice of removal.

## I. BACKGROUND

On October 12, 2018, Plaintiff filed a putative class action complaint against Dart in California Superior Court for the County of Santa Clara. ECF No. 1-1, Ex. A. In the complaint, Plaintiff alleged that Dart acquires credit and background reports on "prospective, current and former employees" and uses information in those reports "without providing proper disclosures and obtaining proper authorization in compliance with the law." *Id.* ¶ 2. Plaintiff sought to certify six different classes of Dart's former, current, and prospective California employees. *Id.* ¶ 14. Plaintiff alleged eleven separate causes of action against Dart. *Id.* ¶¶ 53–205. Plaintiff requested relief including actual damages, liquidated damages, restitution, statutory penalties, fees, and costs. *Id.* at 38. Plaintiff served Dart with the complaint at 4:20 p.m. on October 30, 2018, as Dart concedes. ECF No. 14-1, Ex. B (proof of service); ECF No. 18-1 ¶ 3.

On November 30, 2018, Dart removed the action to federal court. ECF No. 1. Dart's notice of removal stated that Dart was removing the case pursuant to 28 U.S.C. § 1441 and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). *Id.* at 2. Dart asserted that the case satisfied CAFA's jurisdictional requirements because the case "is a civil class action wherein the amount in controversy exceeds the sum or value of $5,000,000, there are at least one hundred putative class members, and at least one plaintiff is a citizen of a different state than at least one of the defendants." *Id.*

Dart's notice of removal stated that the notice of removal was timely "because it was filed within 30 days of receipt of 'other paper from which it may first be ascertained that the case is . . . removable.'" ECF No. 1 at 3 (quoting 28 U.S.C. § 1446(b)). Dart offered no basis for why the notice of removal was timely other than that the notice was filed within 30 days of Plaintiff's complaint. However, the notice of removal incorrectly represented that "[o]n October 31, 2018, Plaintiff served Dart with the Complaint and related pleadings," when in fact Plaintiff served Dart on October 30, 2018. *Id.* In a declaration attached to Dart's notice of removal, Dart's counsel attested, "I understand from speaking with my client that it was served with Plaintiff's Complaint

2
Case No. 18-CV-07286-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL

1   and related pleadings on October 31, 2018." ECF No. 1-1, Declaration of Andrew W. Russell ("Russell Decl."), ¶ 3.

On December 17, 2018, Plaintiff filed an amended complaint. ECF No. 12. On December 26, 2018, the parties filed a stipulation to extend the deadline for Dart to respond to Plaintiff's complaint to January 21, 2019. ECF No. 13.

On January 4, 2019, Plaintiff filed the instant motion to remand. ECF No. 14 ("Mot.").

On January 11, 2019, Dart filed a motion for leave to file an amended notice of removal. ECF No. 16. On January 18, 2019, Dart filed an opposition to Plaintiff's motion to remand. ECF No. 18 ("Opp.").

On January 25, 2019, Plaintiff filed his reply in support of his motion to remand. ECF No. 20 ("Reply"). On January 25, 2019, Plaintiff also filed an opposition to Dart's motion for leave to file an amended notice of removal. ECF No. 21. On February 1, 2019, Dart filed a reply in support of its motion for leave to file an amended notice of removal. ECF No. 22.

## II. LEGAL STANDARD

### A. Motion to Remand

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

3
Case No. 18-CV-07286-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL

**B. Request for Attorneys' Fees**

Following remand of a case upon unsuccessful removal, the district court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of fees and costs is in the discretion of the district court. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Nonetheless, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed the defendant's basis of removal." *Lussier*, 518 F.3d at 1066-67. "If the law in the Ninth Circuit is not so clear as to make the removing party's endeavor entirely frivolous, a court will deny the request for attorney's fees." *FSM Dev. Bank v. Arthur*, No. 11-CV-05494-LHK, 2012 WL 1438834, at *7 (N.D. Cal. Apr. 25, 2012) (brackets omitted).

**III. DISCUSSION**

Plaintiff moves for remand on the grounds that Dart's notice of removal was untimely because Dart filed its notice of removal 31 days after Plaintiff served Dart with the complaint. The Court agrees, and therefore GRANTS Plaintiff's motion to remand.

**A. CAFA Removal**

Under CAFA, a federal court may exercise subject matter jurisdiction over a class action where (1) the parties are minimally diverse; (2) the proposed class has at least 100 members; and (3) the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). If a plaintiff files such a class action in state court, a defendant may remove the state court complaint to federal court. 28 U.S.C. § 1453(b). CAFA removals are generally subject to 28 U.S.C. § 1446, the removal statute. *Id.*

Under § 1446, a defendant must file a notice of removal within 30 days of either of two

events, or else removal is untimely. First, a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "[i]f no ground for removal is evident in that pleading, the case is 'not removable' at that stage," and the 30-day removal period does not begin to run. *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The Ninth Circuit has held that a defendant has no duty to investigate removability when the initial pleading is "indeterminate." *Id.* For example, a defendant has no duty to "supply information which [the plaintiff] has omitted" or to consult its own business records for information relevant to removability. *Kuxhausen*, 707 F.3d at 1141.[1]

Second, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In other words, the 30-day period to file a notice of removal either begins when the plaintiff serves the defendant with the initial complaint, unless the complaint is indeterminate about removal, in which case the removal period begins when the defendant receives a paper that demonstrates the case is removable. *Harris*, 425 F.3d at 692 ("The [removal] statute provides two thirty-day windows during which a case may be removed."). If either 30-day period expires, the § 1446(b) time limits are "mandatory [such that] a timely objection to a late petition will defeat removal." *Kuxhausen*, 707 F.3d at 1141 n.3 (alteration in original).

The only question presented by the instant motion is whether Dart's notice of removal was timely. Dart concedes that Dart filed its notice of removal on November 30, 2018, which is 31 days after Plaintiff, on October 30, 2018, served Dart with Plaintiff's complaint. ECF No. 14-1,

---

[1] Plaintiff is therefore wrong when Plaintiff repeatedly suggests that Dart was obligated to determine "with its own data" within 30 days of service whether Plaintiff's complaint was removable. *See* ECF No. 21 at 3.

5
Case No. 18-CV-07286-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL

Ex. B; ECF No. 18-1 ¶ 3. Dart contends that its notice of removal was still timely under 28 U.S.C. § 1446(b) because Plaintiff's initial complaint was indeterminate—specifically, because the complaint "fail[ed] to state the amount in controversy and failed to provide information allowing one to deduce the amount of [sic] controversy." Opp. at 1. In a class action where CAFA jurisdiction exists, the removal statute permits a defendant "to remove outside the two thirty-day periods on the basis of its own information." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). In other words, although a defendant has no duty to investigate, a defendant may remove a case at any time if the defendant chooses to investigate and discovers that the case is removable under CAFA. *Id.* (observing that "a plaintiff's ignorance of the citizenship of would-be class members should not defeat removal if defendant independently knows or learns that information").

However, Dart's own notice of removal expressly contradicts Dart's attempted reliance on *Roth*. Under 28 U.S.C. § 1446(a), a defendant's notice of removal must "contain[] a short and plain statement of the grounds for removal." Dart's notice of removal states, at the outset, that "the following is a short and plain statement of the grounds for removal of the case." *Id.* at 2. In the paragraphs that follow, Dart does not state, in line with *Roth*, that Dart's removal was timely because neither 30-day period in 28 U.S.C. § 1446(b) had yet run. Rather, the notice asserts that Dart's removal was timely because Dart removed within the 30-day period after receiving Plaintiff's complaint: "Dart timely filed its Notice of Removal because it was filed on November 30, 2018, which is within 30 days of receiving service of Plaintiff's Complaint." ECF No. 1 at ¶ 5 (citing 28 U.S.C. § 1446(b)). Thus, Dart represented that Plaintiff's complaint provided the grounds for Dart's removal under 28 U.S.C. § 1446 and that Dart's removal was timely under § 1446(b). Dart happened to be wrong, as Dart filed its notice of removal 31 days after service of Plaintiff's complaint.

Dart concedes that its notice of removal (incorrectly) states that it is timely because it was filed within 30 days after service of Plaintiff's complaint. Opp. at 2. So recognizing, Dart has

6
Case No. 18-CV-07286-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL

disavowed its notice of removal and filed a motion for leave to file an amended notice of removal. ECF No. 16. Dart asserts that its putative amended of notice of removal "corrects the reason why the Notice of Removal is timely." Opp. at 2. The putative amended notice of removal states that the notice is timely "because it was filed before either of the two thirty-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) had been triggered." ECF No. 16-2, Ex. E at ¶ 5. The putative amended notice of removal further states that neither thirty-day period had been triggered because "the Complaint was indeterminate and it was not until November 29, 2018 that Dart investigated and determined from its business records that there were grounds for removal." *Id.* Thus, Dart recognizes that on its face, Dart's original notice of removal relies *only* on the 30-day period after service of Plaintiff's complaint as the grounds for timely removal.

Even though Dart's operative notice of removal never mentions that Plaintiff's complaint was indeterminate, and instead expressly relies on a different timeliness ground, Dart asserts that the Court should still deny Plaintiff's motion to remand because Plaintiff's complaint was indeterminate. Dart's argument would render § 1446(a)—which requires a defendant's notice of removal to "contain[] a short and plain statement of the grounds for removal"—a nullity. 28 U.S.C. § 1446(a). If Dart were correct, a defendant could state one timeliness ground in its notice of removal and then, once challenged, later attempt to rely on an entirely different basis for removal. *But* s*ee O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988) (reiterating that "the defendant must state the basis for removal jurisdiction in the petition"). Dart cites no authority for its position that the Court can simply disregard the "short and plain statement of the grounds for removal" in Dart's notice of removal. The Court concludes that because "[r]emoval statutes are to be strictly construed against removal jurisdiction," Dart's removal was untimely, and Plaintiff's motion should be granted. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012).

As discussed above, Dart recognizes that its notice of removal is defective, and so has filed a motion for leave to file an amended notice of removal. Ninth Circuit law does not support

7

Dart's argument. After the 30-day removal period has run, "the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made." *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969); *see also O'Halloran*, 856 F.2d at 1381 ("The petition cannot be amended to add a separate basis for removal jurisdiction after the thirty day period."); *Hemphill v. Transfresh Corp.*, 1998 WL 3200840, at *4 (N.D. Cal. Jun. 11, 1998) (emphasizing that a district court has "discretion to prohibit such an amendment" after the 30-day removal period has run).

For example, courts have permitted defendants to amend notices of removal premised on diversity jurisdiction to correct technical defects in the facts related to diversity. *See Barrow*, 418 F.3d at 318; *Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866, 869 (N.D. Cal. 1992) (granting motion to correct notice of removal that stated only one defendant's state of citizenship at the time of filing, but not at the time of removal, as is required). By contrast, Dart seeks to amend its notice of removal to rely on an entirely different timeliness ground not stated in the original notice of removal. *See Bicek v. C & S Wholesale Grocers, Inc.*, 2013 WL 4009239, at *4 (E.D. Cal. Aug. 5, 2013) (denying motion to amend notice of removal where a defendant wished to "assert totally new grounds for removal"). Dart cites no case where a court has permitted amendment to allege a new timeliness ground. *O'Halloran*, 856 F.2d at 1381 (holding that a defendant may not amend a notice of removal to add a separate basis for removal jurisdiction).

Therefore, the Court DENIES Dart's motion for leave to file an amended notice of removal.

### B. Attorneys' Fees

Along with his motion to remand, Plaintiff requests an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c). However, the Court disagrees with Plaintiff's assertion that Dart's removal was objectively unreasonable. Importantly, Plaintiff does not dispute that this Court has CAFA jurisdiction. Dart's only failure is that its removal was untimely. Therefore, it was not objectively unreasonable for Defendant to remove. *See Maniar v. F.D.I.C.*, 979 F.2d 787, 784 (9th Cir 1992)

8

Case No. 18-CV-07286-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL

("[U]ntimely removal is a procedural defect and not jurisdictional"). Accordingly, the Court in its discretion DENIES Plaintiff's request for attorneys' fees. *See, e.g.*, *Blaker v. Credit One Bank, N.A.*, 2018 WL 5307470, at *4 (S.D. Cal. Oct. 26, 2018) (denying request for fees when the court's jurisdiction was "undisputed" and the "case could have remained" in the federal court had the removal been timely).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and REMANDS the instant case to California Superior Court for the County of Santa Clara. The Court also DENIES Dart's motion for leave to file an amended notice of removal and DENIES Plaintiff's request for attorneys' fees. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 18, 2019

_____
LUCY H. KOH
United States District Judge